**Godfrey Imuentintan AGBONTAEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 07–1441–ag.

United States Court of Appeals, Second Circuit.

Jan. 14, 2008.

---

1. Since the Plea Agreement in this case was entered into, Rule 11(e)(1)(C) has been renumbered as Rule 11(c)(1)(C).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

336

Eric W. Schultz, Hiscock & Barclay, Buffalo, NY, for petitioner.

Carmel A. Morgan (Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, Mark D. Herman, Law Clerk, on the brief) Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Godfrey Imuentintan Agbontaen, a native and citizen of Nigeria, seeks review of a March 23, 2007 order of the BIA affirming the August 9, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying Agbontaen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Godfrey Imuentintan Agbontaen*, No. A75 838 845 (BIA Mar. 23, 2007), *aff'g* No. A75 838 845 (Immig. Ct. N.Y. City Aug. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision as if it were that of the BIA. *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review factual findings, including adverse credibility determinations, under the substantial evidence standard. *Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007).

█ We conclude that the agency's adverse credibility determination was supported by substantial evidence, as it was based on inconsistencies and implausibilities in the record. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir.2007). The IJ found that Agbontaen's lack of knowledge about Nigerian politics was inconsistent with his alleged activity with the Social Democratic Party ("SDP"). Agbontaen testified that he campaigned for the now-deceased SDP leader Moshood Abiola during an election, and that one of Agbontaen's main duties in the party was to inform the public about national events. However, Agbontaen did not know when Abiola was elected president or when he died. Agbontaen alleged that Abiola's death occurred only a few days after Abiola's release from government detention and in the wake of a national presidential election that Abiola won. Agbontaen testified that these events happened in 1996 or 1997. The IJ noted, however, that the country conditions information in the record indicates that the elections occurred in 1993. Moreover, the IJ further noted that Agbontaen did not know when Abiola died, whereas Abiola's death was "an event that was of national importance because there was concern that the military had indeed killed him, and any follower of the opposition in Nigeria would be expected to know something about this." Agbontaen does not dispute this conclusion. Moreover, his testimony regarding Abiola's death shifted throughout the hearing. Initially, he testified that Abiola died a few days after he was released from detention in 1996 or 1997. Later, he testified that he did not remember when he died, but that "he probably died a long time ago before I heard it...." He then testified that he did not think that Abiola died while he was still in Nigeria. The IJ properly relied on Agbontaen's lack of knowledge about Abiola and the inconsistencies in his testimony in making the adverse credibility determination.

The IJ also reasonably concluded that Agbontaen's claims regarding the frequency and severity of his beatings were exaggerated and implausible in light of his overall physical health. Although Agbontaen claimed to have been beaten repeatedly to the point of unconsciousness, he maintained that he was an undefeated Tae Kwon Do champion in Nigeria during the same period. Moreover, the IJ noted that the medical report Agbontaen submitted does not indicate that he suffered any lasting harms from the alleged beatings. In light of the lack of support in the record for Agbontaen's claims regarding the severity of his beatings, we accord deference to the IJ's implausibility finding. *See Siewe,* 480 F.3d at 168–69.

While the IJ's decision was not without error, remand would be futile in this case because we can "confidently predict" that the IJ would reach the same decision absent the errors that were made. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006). Accordingly, we uphold the IJ's denial of Agbontaen's claim for asylum.

Because the only evidence of a threat to Agbontaen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Likewise, Agbontaen's claim for CAT relief, which was based on the same factual predicate, also fails. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.